UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PHILIP COOKE<br><br>Defendant | 1:20-CR-10126-ADB |

OPPOSITION TO MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE

Three months into his 18-month sentence for conspiring to commit cyberstalking and obstruction of justice, defendant Philip Cooke has moved to modify his conditions of supervised release to include more stringent conditions.  (Docket No. 29).  Because the modifications he requests are unnecessary, and because they would only become necessary if the defendant becomes eligible for early release, the United States respectfully requests that the Court deny his motion as premature.

As grounds for its opposition, the United States submits:

1.      On July 27, 2021, the Court sentenced the defendant to concurrent 18-month terms of imprisonment to be followed by 12 months of home confinement "without location monitoring".  (Judgment, Docket No. 23).

2.      The Bureau of Prisons designated Mr. Cooke to serve his sentence at FCI Sheridan in the District of Oregon, where he reported on September 7, 2021.

3.      Mr. Cooke has served just over three months of his sentence.  He has an expected release date of December 16, 2022.  (www.bop.gov/inmateloc (visited Dec. 17, 2021)).

4.      Mr. Cooke was convicted in Massachusetts, but he has requested to be released at the end of his term to the Northern District of California, where he lives.  Based on this request, which seems to have been unrelated to any authority the BOP or the Court have to release him because of the COVID-19 pandemic, BOP officials began to assess his suitability for eventual release to California.  As the defendant cites in his motion, however, the Probation Office in the Northern District of California has at least temporarily rejected him as a candidate for eventual release there, because the conditions of supervised release this Court imposed at sentencing did not require Mr. Cooke submit to location monitoring and to consent to searches of his residence and devices.[1]

5.      Defendant's motion is unusual:  it requests the imposition of more stringent conditions of release, including one (location monitoring) that the Court expressly found to be unnecessary for him, and a second (consent to search his residence) that is rarely imposed in this District.  The government's opposition is also unusual: it opposes the imposition of these stricter conditions.

6.      The Court should nevertheless, at least for now, refuse to modify Mr. Cooke's conditions, without prejudice to his renewing his motion closer to the conclusion of his term, or at some sooner point if his lack of an approved release plan operates to prevent his earlier release.

7.      As an initial matter, it is not clear what the Court's authority would be to modify the sentence that it imposed.  Fed. R. Crim. P. 35 offers jurisdiction only under limited circumstances, neither of which are present here:  a clerical error or where a defendant has

---

[1]The Probation Office also indicated that his conditions did not bar contact with the victims in this case, but it does so.  Docket No. 23 at 6 ("You must not knowingly have any contact, direct or indirect, with the victims unless initiated by them.").

provided substantial assistance to the government after his sentence.  18 U.S.C. § 3582(c)
generally only permits modifications to a term of imprisonment based on extraordinary and
compelling reasons or based on changes to his Guidelines calculation.

8.      18 U.S.C. § 3583(e)(2) does permit the modification of conditions "at any time
prior to the expiration or termination of the term of supervised release", but the Court should
limit its exercise of that authority to a time when the issue is ripe for consideration.  *See United
States v. Hatton*, 2012 WL 122883956 (W.D. La. Sept. 27, 2012) (denying motion to modify
terms of supervised release as "premature or unripe" "because the defendant is still
incarcerated"); *see also United States v. Akinrosotu*, 637 F.3d 165, 168 (2d Cir. 2011)
(dismissing as unripe an inmate's claim for a modification to his contribution condition under
section 3582(e)(2) as "purely hypothetical"); *United States v. Ehret*, 2021 WL 5741496, *2 n.3
(S.D. Tex. Dec. 2, 2021) (challenge to special conditions of supervised release by incarcerated
inmate were unripe); *United States v. Romig*, 2014 WL 1048390, *3 (D. Minn. Mar. 18, 2014)
(suggesting that only a defendant's "imminent release from prison dictates that the court should
examine the conditions for possible modification").

9.      If Mr. Cooke is otherwise eligible for release to home confinement, he certainly
should not be denied release based solely on the lack of these new conditions.  But the Court
should only consider these modifications if he eligible for release, and if the BOP denies Mr.
Cooke release to home confinement based on an inadequate release plan.  If he is denied release
to home confinement under the Attorney General's CARES Act authority for some other reason,
such as the lack of a covered medical condition, then his requested modifications could be
addressed at a later date.  This would prevent the Court from "becoming embroiled in
adjudications that may later turn out to be unnecessary."  *See Akinrosotu*, 637 F.3d at 168.

10.     The defendant also has indicated an intent to apply to BOP for compassionate release based extraordinary and compelling circumstances arising from a medical condition. (Docket No. 29).  If Mr. Cooke makes that request, and the BOP denies it for any reason, including an inadequate release plan, he could then bring his request for a reduced sentence before the Court under 18 U.S.C. § 3582(c).  If the Court were inclined to grant that request, likely over the government's objection, Mr. Cooke's conditions could then be modified to permit his release to the Northern District of California.

11.     The United States has conferred with the defendant's victims.  In light of Mr. Cooke's crime and its impact on them, the victims oppose modifications that would lead to Mr. Cooke's release from custody, potentially without any notice to them, to a supervising district that is as yet unfamiliar with the nature of his offense, and more than 12 months before it would otherwise occur.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney


By:     /s/ Seth B. Kosto
        SETH B. KOSTO
        Assistant United States Attorney
        (617) 748-3230

December 17, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

                                    ___/s/Seth B. Kosto_____
                                    SETH B. KOSTO
                                    Assistant United States Attorney

Date: December 17, 2021