UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * * * | |
| v. | * * | |
| PHILIP COOKE, | * * | Criminal Action No. 20-cr-10126-ADB |
| Defendant. | * * * | |

**MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE**

BURROUGHS, D.J.

Currently before the Court is Philip Cooke's ("Cooke") motion for compassionate release. [ECF No. 34]. For the reasons set forth below, the motion is DENIED.

**I.      FACTUAL BACKGROUND**

On October 27, 2020, Cooke pled guilty to one count of conspiring to commit cyberstalking and one count of conspiring to obstruct justice pursuant to an information. [ECF Nos. 1, 9]. The charges arose from his participation in a scheme to terrorize a Massachusetts couple in connection with his employment at eBay. [ECF No. 1]. At sentencing, the Court found his advisory guideline sentencing range to be 30–37 months. See [ECF No. 25 at 14:19–23]. The Government recommended a sentence of 30 months and Cooke sought a sentence of home confinement. See [ECF Nos. 20, 21, 25]. The Court imposed a sentence of 18 months, [ECF No. 23], and Cooke has now served approximately 10 months of that sentence, having self-reported to the Bureau of Prisons ("BOP") on September 7, 2021, [ECF No. 36 at 2].

The Court assumes familiarity with the ongoing COVID-19 pandemic, the risk to inmates within the federal prison system, and the now widespread availability of vaccines that help to prevent or moderate cases of COVID-19.

Cooke, a retired police officer, is 57 years old. See [ECF No. 36 at 1; ECF No. 39 at 9]. He has a series of underlying health issues, mostly related to heart disease, all of which were considered at sentencing and none of which seem to have worsened significantly during his period of incarceration. [ECF No. 36 at 1, 5–12]; see also [ECF Nos. 20, 21]. Cooke now alleges that (1) his medical conditions make him especially vulnerable to COVID-19; (2) FCI Sheridan, where he is currently housed, has had a recent outbreak of COVID-19; (3) he has had inadequate access to medical care; and (4) his period of incarceration has been particularly harsh given lockdowns, quarantines and other COVID-19-related restrictions, and that FCI Sheridan has mismanaged COVID-19 health precautions. [ECF No. 36 at 1–2, 7–17].

## II. PROCEDURAL BACKGROUND

On or about March 8, 2022, Cooke petitioned FCI Sheridan's Warden for compassionate release under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. [ECF No. 36 at 3]. On approximately March 15, 2022, his release to home confinement was initially approved and the Warden set an anticipated release date of June 23, 2022, but that decision was overturned approximately one month later by the BOP Regional Medical Officer who did not believe that Cooke met the CDC guidelines for increased risk of serious COVID-19 illness based on his cardiovascular risk factors. [Id.; ECF No. 36-3 (reversal)]. On May 20, 2022, Cooke filed the instant motion, seeking an order from the Court reducing "the remainder of his sentence to time served and allow[ing] him to serve the remainder of his original incarcerative sentence in

home confinement." [ECF No. 36 at 1]. The Government opposed the motion on June 3, 2022. [ECF No. 39].

## III. DISCUSSION

Cooke seeks release under 18 U.S.C. § 3582(c)(1)(A). See [ECF Nos. 34, 36 at 1–2]. Previously, incarcerated defendants could seek release under this statute only upon motion of the BOP. The First Step Act of 2018, however, amended that provision to allow prisoners to seek relief directly from the courts once they have exhausted their administrative remedies. Section 3582(c)(1)(A) now provides that

> [t]he Court may not modify a term of imprisonment once it has been imposed except that . . . in any case . . . the [C]ourt, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . (i) *extraordinary and compelling reasons* warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

Section 1B1.13 of the Sentencing Guidelines further explains that the Court may reduce a defendant's sentence if, after considering the factors in 18 U.S.C. § 3553(a), the Court determines that

> (1)(A) extraordinary and compelling reasons warrant the reduction; . . .
> (2) the defendant is not a danger to the safety of any other person or to the community, . . . ; and
> (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Cooke has the burden of proving that he is entitled to relief under 18 U.S.C. § 3582. United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased

3

punishment, he or she has the burden of showing that the circumstances warrant that decrease."). To meet this burden, he must satisfy three requirements.  See United States v. Jackson, No. 19-cr-00347, 2020 WL 3402391, at *4 (D.D.C. June 19, 2020).  First, he must show that "extraordinary and compelling reasons" warrant his release; second, he must show that release is consistent with the Sentencing Commission's policy, which requires showing that he is not a danger to the safety of any other person or the community; finally, he must show that the sentencing factors in 18 U.S.C. § 3553(a) justify release.  Id.

Thus, the Court must now determine whether "extraordinary and compelling reasons" support compassionate release, consistent with the § 3553(a) sentencing factors and the Sentencing Commission's policy.  18 U.S.C. § 3582(c)(1)(A).

A.  **"Extraordinary and Compelling Reasons" Under 18 U.S.C. § 3582(c)(1)(A)**

The Sentencing Guidelines recognize that compassionate release due to extraordinary and compelling reasons may be appropriate in cases where, for example, family circumstances or the defendant's age or health make release appropriate.  U.S.S.G. § 1B1.13 cmt. n.1(A)–(C).  Courts have found that the Sentencing Guidelines set forth a non-exhaustive list and that release may also be warranted under the policy's "catch-all provision [which] allows for compassionate release when 'there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with' the other enumerated reasons."  United States v. Guzman-Soto, No. 18-cr-10086, 2020 WL 2104787, at *3 (D. Mass. May 1, 2020) (quoting U.S.S.G. § 1B1.13 cmt. n.1(D)).

Here, Cooke puts forth no evidence that his medical condition has worsened since he was incarcerated, and it appears that he has been receiving adequate medical treatment at FCI Sheridan.  See [ECF No. 39 at 5–9].  His main claim is that his long-standing medical issues,

predominantly cardiac related,[1] put him at higher risk of serious medical complications if he does contract COVID-19 and that the conditions of incarceration increase the chance that he will become infected with the virus.  [ECF No. 36 at 7–11].  Notably, it does not appear that Cooke has COVID-19 and he is, wisely, fully vaccinated which is the most important step in preventing serious illness.  [Id. at 11].  Moreover, there is nothing in the record to suggest that his medical needs are not, or cannot, be well managed within FCI Sheridan.  While the Court is cognizant of the dangers of COVID-19, especially for individuals with existing health conditions that make them more likely to suffer serious effects if they develop the virus, Cooke's risk, based on the ailments he has alleged, does not warrant release.  Further, courts around the country have found that, standing alone, risk of contracting COVID-19 does not justify compassionate release. United States v. Rodriguez-Orejuela, 457 F. Supp. 3d 1275, 1286 (S.D. Fla. 2020); United States v. Brummett, No. 07-cr-00103, 2020 WL 6120457, at *2 (E.D. Ky. Oct. 16, 2020) ("[T]he risk of future illness is not sufficient to justify release."); United States v. Gray, No. 11-cr-20131, 2020 WL 5094710, at *5 (D. Kan. Aug. 28, 2020) ("To be sure, it is regrettable that [the defendant] is incarcerated during this pandemic.  It is also regrettable that his health conditions place him at increased risk of serious illness should he contract the virus.  But the court isn't convinced that the combination of those two conditions qualifies him for release.").

      Thus, the Court finds that Cooke has failed to meet his burden of demonstrating "extraordinary and compelling reasons" that would justify his early release.

---

[1] The Court has read all of the documentation provided by the parties but refrains from being overly specific regarding Cooke's medical condition and history to protect his privacy.

### B. Dangerousness and the § 3553(a) Factors

Although Cooke has failed to meet his initial burden, in the interest of a complete record, the Court will briefly address the other factors.

First, the Court must consider whether Cooke is "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Here, given Cooke's personal history and post-conviction rehabilitative efforts, there is no reason to believe that he, if released, would pose any danger to the safety of the community.

Second, the Court must "consider[] the factors set forth in section 3553(a)," 18 U.S.C. § 3582(c)(1)(A), including:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> . . .
> (4) the kinds of sentence and the sentencing range established [under the applicable Guidelines sections]
> . . . [and]
> (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a). The Court weighs these factors against the reasons favoring Cooke's immediate release. United States v. Ebbers, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020) ("[I]n considering the section 3553(a) factors, [the court] should assess whether those factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence.").

Releasing Cooke early, given his reasons stated in support and his already significantly below guideline sentence, would be inconsistent with the purposes of sentencing including

6

punishment and deterrence. Although the Court sympathizes with his underlying health issues, at present, there is no adequate justification for reducing his sentence. Cooke's crimes were inexcusable and warrant the sentence imposed.

## IV.     CONCLUSION

The Court finds that Cooke has failed to meet his burden of demonstrating that compassionate release is justified. His recourse remains with the Warden or, perhaps, another motion with the Court if circumstances change. Accordingly, Cooke's motion for compassionate release, [ECF No. 34], is <u>DENIED</u>.

**SO ORDERED.**

June 10, 2022                                                                                    /s/ Allison D. Burroughs
                                                                                                         ALLISON D. BURROUGHS
                                                                                                         U.S. DISTRICT JUDGE